**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL R. RAY, | : | |
| | : | Civil Action No. 06-3040 (JBS) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| WARDEN GARY MERLINE, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Michael R. Ray, Pro Se
#0860-019
Federal Correctional Institution
P.O. Box 699
Estill, SC 29918-0699

Linda K. Danielson
Office of the NJ Atty General
Division of Criminal Justice
Appellate Bureau
P.O. Box 086
Trenton, NJ 08625

**SIMANDLE**, District Judge

On July 5, 2006, Petitioner, currently confined at the Federal Correctional Institution, Estill, South Carolina,[1] submitted for filing to the Clerk of this Court a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  On August 24, 2006, Respondents filed a Response to the Petition.  On August 31, 2006, Petitioner filed a Reply to the Response. Petitioner also filed a motion to compel documents (docket entry 4), motion to amend (docket entry 7), and a motion to require the State of New Jersey to return him to federal custody (docket

---

[1] At the time he filed this petition, Petitioner was housed at the Atlantic County Justice Facility, Mays Landing, New Jersey.

entry 8).[2]  The Court has reviewed all documents submitted and for the following reasons will deny the instant Petition.

## BACKGROUND

On July 21, 2006, Petitioner was sentenced in Atlantic County after convictions on two indictments.  The aggregate state sentence was 18 months, and was to be served consecutively to Petitioner's federal sentence.  At the time he filed his petition, Petitioner had not yet appealed his state court convictions.  In fact, Petitioner had not yet been sentenced on the state court convictions at the time he filed his Petition.

Petitioner states that he departed federal custody from FCI Estill on April 25, 2006.  He was transferred to Atlantic County Justice Facility, Mays Landing, to answer the state charges, and appeared in court on May 23 and June 7, 2006.  On September 26, 2006, Petitioner was returned to federal custody.

Petitioner cites the following ground for habeas relief:

---

[2] Petitioner's motion to compel the production of documents will be dismissed, as the instant petition will be denied because Petitioner has not made a showing that he is in custody in violation of the laws, treaties, or Constitution of the United States, as required to succeed in a petition under 28 U.S.C. § 2241. Further, in a letter filed on November 17, 2006, Petitioner stated that the motion to require the state to return him to federal custody is now moot, since he has so been returned.  The Court will therefore dismiss this motion.  The Court notes that Petitioner's motion to amend also concerns his request to be returned to federal custody, and will be dismissed accordingly.

    1.    Illegal removal from the State of South Carolina under the Interstate Agreement on Detainers ("IAD"), without the benefit of a "pre-transfer" hearing.
    2.    Unlawful charging of "user fee" by Atlantic County Justice Facility of $50.00/month.
    3.    Unlawful charging for medical and dental care by the Atlantic County Justice Facility.
    4.    Illegal dissemination and utilization of Petitioner's sealed federal court pre-sentence report by the state before the state's grand jury.

Petition, ¶ 10.

## DISCUSSION

**A.**    **Standard of Review**

Petitioner seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.      Petitioner's IAD Claim (Ground One).**

In Ground One, Petitioner argues that he should have been afforded a "pre-transfer hearing" prior to his removal to New Jersey state custody, in accordance with the Interstate Agreement on Detainers.  Petitioner's claim has been litigated, and dismissed as moot, in Ray v. Menchen, 06-4013 (RBK).  The Honorable Robert B. Kugler, of this District Court, based the dismissal on Petitioner's return to federal custody.  Thus, this Court will not revisit the issue.  The Court refers the reader to the Opinion in that case, docket entry 4.

**C.      Petitioner's Claims Regarding Fees (Grounds 2 and 3).**

Petitioner argues that he is unlawfully being charged fees by the Atlantic County Justice Facility for medical and dental care, and a "user" fee.  These claims concern conditions of prison life, not the fact or duration of Petitioner's incarceration.  Thus, they are more properly brought in a civil action.

In fact, Petitioner has filed a civil action asserting these claims, which remains pending in this district.  See Ray v. Merline, 06-3026 (RBK), filed July 5, 2006.  Therefore, these claims will be denied in this habeas action.

**D.      Petitioner's Misconduct Claim (Ground 4).**

In Ground Four, Petitioner argues that state prosecutors unlawfully utilized information from his federal pre-sentence

report in the state grand jury proceeding.  Petitioner raised this issue in a civil action, docketed as Ray v. New Jersey, 05-3508 (RBK).  The Honorable Robert B. Kugler, of this District Court, dismissed the suit on January 20, 2006.  As noted in Judge Kugler's Opinion in that case, a prosecutorial misconduct claim, such as the one presented here, should be raised in a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging Petitioner's state conviction(s), after exhaustion by direct appeal of his convictions in the higher state courts, and state post-conviction relief.  The Court notes that the case is currently on appeal before the Court of Appeals for the Third Circuit.

Thus, Petitioner is not entitled to relief on this ground under § 2241.

## CONCLUSION

Based upon the foregoing, the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 will be denied.  An appropriate Order accompanies this Opinion.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge

Dated:  **February 6, 2007**