**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MICHAEL R. RAY,                          :
                                         :   Civil Action No. 06-3040 (JBS)
           Petitioner,                   :
                                         :
      v.                                 :   **O P I N I O N**
                                         :
WARDEN GARY MERLINE, et al.,             :
                                         :
           Respondents.                  :


**APPEARANCES:**

Michael R. Ray, Pro Se                   Linda K. Danielson
#0860-019                                Office of the NJ Atty General
Federal Correctional Institution         Division of Criminal Justice
P.O. Box 699                             Appellate Bureau
Estill, SC 29918-0699                    P.O. Box 086
                                         Trenton, NJ 08625

**SIMANDLE**, District Judge

     This matter is before the Court on Petitioner's Motion to Alter or Amend Judgment, pursuant to Fed. R. Civ. P. 59(e). Petitioner asks for reconsideration of this Court's Order of February 6, 2007, denying Petitioner's request for habeas corpus relief. Having considered the motion pursuant to Fed. R. Civ. P. 78, the Court will deny the motion.

### BACKGROUND

     Petitioner is currently incarcerated at the Federal Correctional Institution, Estill, South Carolina. His underlying habeas petition asserted that Petitioner departed federal custody

from FCI Estill on April 25, 2006. He was transferred to Atlantic County Justice Facility, Mays Landing, to answer the state charges, and appeared in court on May 23 and June 7, 2006. In his habeas petition, Petitioner's request for relief asked for his return to South Carolina due to violations of the Interstate Agreement on Detainers ("IAD"). During the pendency of this case, Petitioner was returned to federal custody in South Carolina.

> Petitioner cited the following ground for habeas relief:
>
> 1. Illegal removal from the State of South Carolina under the Interstate Agreement on Detainers ("IAD"), without the benefit of a "pre-transfer" hearing.
> 2. Unlawful charging of "user fee" by Atlantic County Justice Facility of $50.00/month.
> 3. Unlawful charging for medical and dental care by the Atlantic County Justice Facility.
> 4. Illegal dissemination and utilization of Petitioner's sealed federal court pre-sentence report by the state before the state's grand jury.

Petition, ¶ 10.

This Court issued an Opinion and Order denying the petition on February 6, 2007. Relevant to this motion, the Court found that:

> In Ground One, Petitioner argues that he should have been afforded a "pre-transfer hearing" prior to his removal to New Jersey state custody, in accordance with the Interstate Agreement on Detainers. Petitioner's claim has been litigated, and dismissed as moot, in Ray v. Menchen, 06-4013 (RBK). The Honorable Robert B. Kugler, of this District Court, based the dismissal on Petitioner's return to federal custody. Thus, this Court will not revisit the issue. The Court refers the reader to the Opinion in that case, docket entry 4.

(See this case, Opinion, docket entry 4, p. 4).

In this motion, Petitioner argues that the Court's finding that his claim has been litigated and dismissed as moot in the above-cited case decided by Judge Kugler was incorrect. Petitioner states that the Judge Kugler case "had nothing to do with the claim of the case at bar. The case herein deal[s] with the Cuyler hearing issues- illegal removal from SC."[1] Petitioner asks that the matter be investigated and the writ issued accordingly.

## DISCUSSION

**A.    Rule 59(e)**

Federal Rule of Civil Procedure 59(e) states: "Any motion to alter or amend a judgment shall be filed not later than 10 days after entry of the judgment."[2] Generally, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law. See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v.

---

[1] Petitioner's reference to Cuyler refers to Cuyler v. Adams, 449 U.S. 433 (1981).

[2] In the instant case, Petitioner's motion to amend was dated February 13, 2007, within the ten-day time limit.

Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)(purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence), cert. denied, 476 U.S. 1171 (1986). "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Twp., 996 F. Supp. 409, 442 (D.N.J. 1998). However, mere disagreement with the district court's decision is inappropriate on a motion for reargument, and should be raised through the appellate process. See id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)). "The Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." Assisted Living, 996 F. Supp. at 442. Accordingly, a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)." Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993).

In this case, Petitioner argues that this Court misinterpreted the case decided by Judge Kugler, which was cited in its Opinion. This Court has again reviewed the docket, and the case before Judge Kugler. Petitioner indeed did raise his

4

IAD claims in that case. Judge Kugler found that any IAD claims were moot.

The Court also notes that although Petitioner did not specifically cite the Cuyler case in his Petition before Judge Kugler, he has specifically litigated the Cuyler issue in the District Court. Petitioner litigated a habeas petition filed under 28 U.S.C. §§ 2241 and 2254 in the United States District Court for the District of South Carolina. See Ray v. Hamidullah, 06-1201 (RBH)(D.S.C.); Ray v. State of New Jersey, 06-1178 (RBH)(D.S.C.). The Honorable R. Bryan Harwell of the District of South Carolina also found that Petitioner's Cuyler claims seeking pre-transfer hearing were moot, because Petitioner had already been transferred to New Jersey, pled guilty, been sentenced, and returned to federal custody. (See Ray v. Hamidullah, 06-1201 (RBH)(D.S.C.), Order, docket entry 23 at p. 7).

Therefore, because nothing Petitioner presents in support of his motion suggests that the Court has overlooked key evidence or has made a fundamental error in law, his motion to alter or amend judgment will be denied.

**CONCLUSION**

For the reasons set forth above, Petitioner's motion to alter or amend the Court's February 6, 2007 Opinion and Order is hereby denied.  An appropriate Order accompanies this Opinion.


                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE
                                    United States District Judge


DATED: **March 26, 2007**